**37**

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
LISA A. HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
    COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Email: hbedoyan@kleinlaw.com;
    jeaton@kleinlaw.com; lholder@kleinlaw.com

Proposed Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: | Case No.: 15-14017-B-11 |
| CLUB ONE CASINO, INC., | Chapter 11 |
| Debtor-in-Possession. | DCN: KDG-1 |
| | Date: November 10, 2015 |
| | Time: 2:30 p.m. |
| | Place: United States Bankruptcy Court |
| | 2500 Tulare Street, Fifth Floor |
| | Department B, Courtroom 13 |
| | Fresno, California |
| | Judge: Honorable René Lastreto II |

## EXHIBIT IN SUPPORT OF DEBTOR'S REPLY TO OPPOSITION OF GEORGE SARANTOS AND ELAINE LONG O MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION

| EXHIBIT | DESCRIPTION | PAGE(S) |
|---|---|---|
| A | *In re Clearwater Nursery, Inc.*, U.S. Bankruptcy Court, Central District of California, Case No.: 9:15-bk-10251-DS – Interim and Final Orders Approving the Stipulation | 2 – 37 |

Date: November 6, 2015

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By: _____
HAGOP T. BEDOYAN, ESQ.,
Proposed Attorneys for Debtor-in-Possession

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Peter Susi, State Bar No. 62957<br>Jonathan Gura, State Bar No. 214240<br>Hollister & Brace, APC<br>1126 Santa Barbara Street<br>Santa Barbara, CA 93101<br>Telephone: (805) 963-6711<br>Fax: (805) 965-0329<br>jgura@hbsb.com<br><br>[____] *Individual appearing without an attorney*<br>[ X ] *Attorney for:* Clearwater Nursery, Inc. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -**

| In re: CLEARWATER NURSERY, INC. | CASE NO.: 9:15-bk-10251-DS |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]):<br><u>EMERGENCY MOTION FOR ORDER ON A FINAL</u><br><u>BASIS</u> |
| Debtor(s) | |

PLEASE TAKE NOTE that the order titled  <u>ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER ON A FINAL BASIS: (1)</u>
<u>AUTHORIZING USE OF CASH COLLATERAL; (2) AUTHORIZING POSTPETITION FINANCING; AND (3) GRANTING SUPERPRIORITY EXPENSE</u>
<u>CLAIMS</u>
was lodged on (*date*) <u>3/12/15</u>     and is attached.  This order relates to the motion which is docket number <u>9</u>   .

---

[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

Exhibit A

F9021I2B

Page ___

1   Peter Susi, State Bar No. 62957                    (SPACE BELOW FOR FILING STAMP ONLY)
    Email: psusi@hbsb.com
2   Jonathan G. Gura, State Bar No. 214240
    Email: jgura@hbsb.com
3   **HOLLISTER & BRACE**, A Professional Corporation
    1126 Santa Barbara Street
4   Santa Barbara, CA 93101
    Telephone: (805) 963-6711
5   Facsimile: (805) 965-0329

6   Attorneys for Debtors and Debtors-in-Possession

7

8                 **UNITED STATES BANKRUPTCY COURT**

9           **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

10

11  In re                           )   BK No. 9:15-bk-10251-DS
                                     )
12  CLEARWATER NURSERY, INC.,        )   Chapter 11
                                     )
13          Debtors.                 )   ORDER GRANTING DEBTOR'S
                                     )   EMERGENCY MOTION FOR ORDER ON
14                                   )   A FINAL BASIS:
                                     )
15                                   )   (1) AUTHORIZING USE OF CASH
                                     )   COLLATERAL;
16                                   )
                                     )   (2) AUTHORIZING POSTPETITION
17                                   )   FINANCING; AND
                                     )
18                                   )   (3) GRANTING SUPERPRIORITY
                                     )   EXPENSE CLAIMS
19                                   )
                                     )   DATE:  March 5, 2015
20                                   )   TIME:  10:30 am
                                     )   CTRM:  202
21                                   )          1415 State Street
                                     )          Santa Barbara, CA
22  ─────────────────────────────────)

23

24

25

26

27

28

                                              Exhibit_____ A

                                              Page_____ 3

1    The Court, having considered the relief sought in the

2    "*Debtor's Emergency Motion For Order Authorizing Use of Cash*

3    *Collateral; Authorizing Postpetition Financing; and Granting*

4    *Superpriority Expense Claims*" (the "Motion") filed by

5    Clearwater Nursery, Inc. (the "Debtor"), at the emergency

6    hearing on February 18, 2015, at 1:30 p.m. in Courtroom 202 of

7    the above-titled Court, the Honorable Deborah J. Saltzman,

8    United States Bankruptcy Judge presiding, and having granted

9    the Motion on an interim basis, and finding that notice is

10    adequate, and other good cause appearing therefor,

11    **IT IS HEREBY ORDERED:**

12    1.    The Motion and the appended "*Stipulation For Interim*

13    *Use of Cash Collateral and Grant of Adequate Protection*," (the

14    "Stipulation") and the Debtor-in-Possession Financing Letter

15    Agreement dated February 13, 2015 (the "Agreement") are

16    approved in their entirety on a final basis.

17    2.    The Budget, and otherwise known as the 13-week Cash

18    Flow Projection, referenced in the Motion, the Stipulation, and

19    the Agreement is replaced and superseded by the budget attached

20    hereto as **Exhibit 1** to reflect the minor modifications

21    announced in open court on March 5, 2015.

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Exhibit _A_

Page _4_

1      3.   All of the terms and conditions of the interim order

2   approving the Motion entered in this case on February 19, 2015

3   [ECF No. 38] continue in full force and effect.

4

5   APPROVED AS TO FORM:

6   Lang, Richert & Patch

7

8   _____
    Michael J. Gomez
9   Attorneys for Secured Creditors,
    FARM CREDIT WEST, PCA, and
10  FARM CREDIT WEST, FLCA

11

12

13

14

15                            ###

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit** _____ A

**Page** _____ 5

## WEEKLY CASH FORECAST

| Ending | Forecast Week 1 2/20/2015 | Forecast Week 2 2/27/2015 | Forecast Week 3 3/6/2015 | Forecast Week 4 3/13/2015 | Forecast Week 5 3/20/2015 | Forecast Week 6 3/27/2015 | Forecast Week 7 4/3/2015 | Forecast Week 8 4/10/2015 | Forecast Week 9 4/17/2015 | Forecast Week 10 4/24/2015 | Forecast Week 11 5/1/2015 | Forecast Week 12 5/8/2015 | Forecast Week 13 5/15/2015 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BEGINNING CASH BALANCE | 0.01 | 62,154.15 | 54,462 | 5,990 | 120,316 | 4,780 | 76,198 | 21,536 | 4,266 | 6,331 | 150,438 | 144,670 | 273,350 |
| CASH RECEIPTS FROM A/R | 141,846 | 202,780 | 270,706 | 321,462 | 178,390 | 221,281 | 284,214 | 224,214 | 224,214 | 224,214 | 224,214 | 380,074 | 380,074 |
| **PRODUCTION & DISTRIBUTION EXPENSE** | | | | | | | | | | | | | |
| *Production Labor* | | | | | | | | | | | | | |
| - Insiders | 77,553 | | 68,156 | | 68,156 | | 2,250 | 2,250 | 2,250 | | 2,250 | 2,250 | 2,250 |
| - Non-insider | 6,354 | | 6,354 | | 6,354 | | 54,378 | 54,378 | 54,378 | | 54,378 | 62,891 | 62,891 |
| Maintenance Labor | 5,799 | | 7,718 | | 7,718 | | 5,296 | 5,296 | 5,296 | | 5,296 | 6,517 | 6,517 |
| Warehouse/Shipping Labor | 46,235 | | 62,921 | | 62,921 | | 3,939 | 3,939 | 3,939 | | 3,939 | 3,245 | 3,245 |
| Harvesting/Packing Labor | 17,785 | | 25,835 | | 25,835 | | 34,702 | 34,702 | 34,702 | | 34,702 | 18,245 | 18,245 |
| Harvesting/Shipping (Produce) | 4,202 | 4,202 | 11,428 | 11,428 | 11,428 | 4,095 | 25,662 | 25,662 | 25,662 | | 25,662 | 33,667 | 33,667 |
| Repairs & Maintenance | 35,692 | 35,692 | 11,899 | 11,899 | 11,899 | 11,899 | 3,356 | 3,356 | 3,356 | 3,356 | 3,356 | 4,003 | 4,003 |
| Seed & Plant Material | 19,052 | 19,052 | 9,174 | 9,174 | 9,174 | 9,174 | 8,269 | 8,269 | 8,269 | 8,269 | 8,269 | 5,187 | 5,187 |
| Production Material & Supply | 8,859 | 8,859 | 4,341 | 4,341 | 4,341 | 4,341 | 6,809 | 6,809 | 6,809 | 6,809 | 6,809 | 6,168 | 6,168 |
| Soil Materials | 9,519 | 9,519 | 7,409 | 7,409 | 7,409 | 7,409 | 3,623 | 3,623 | 3,623 | 3,623 | 3,623 | 4,718 | 4,718 |
| Chemicals & Fertilizers | 29,803 | 29,803 | 25,553 | 50,553 | 25,553 | 75,553 | 7,013 | 7,013 | 7,013 | 7,013 | 7,013 | 10,774 | 10,774 |
| Shipping Materials & Supplies | 3,850 | 3,650 | 1,925 | 1,925 | 1,925 | 1,925 | 31,022 | 31,022 | 31,022 | 31,022 | 31,022 | 16,637 | 16,637 |
| Upgrade material costs | 894 | 694 | 329 | 329 | 329 | 329 | 1,540 | 1,540 | 1,540 | 1,540 | 1,540 | 1,925 | 1,925 |
| Sales Tax | 18,405 | 18,405 | 8,510 | 8,510 | 8,510 | 8,510 | 234 | 234 | 234 | 234 | 234 | 503 | 503 |
| Freight-Out | | | | | 9,000 | | 9,199 | 9,199 | 9,199 | 9,199 | 9,199 | 6,455 | 6,455 |
| *Rent* | | | | | | | | | | | | | |
| - Insider Jdtood Properties LP | 35,159 | | | 35,159 | | | | 35,159 | | | | | |
| - Adequate Protection FCW | 57,731 | | 57,731 | | | | 57,731 | | | | | | |
| - Short-term land lease | 2,833 | | 2,833 | | | | 2,833 | | | | 2,833 | | |
| Gas & Oil Vehicles | 834 | 934 | 1,129 | 1,129 | 1,129 | 1,129 | 487 | 487 | 487 | 487 | 487 | 492 | 492 |
| Heating Gas | | | | | | | | | | | | | |
| Electricity | 15,919 | | | 45,568 | | | | | | | | 27,105 | |
| Payroll Taxes – Excl Admin & Sales & Log | 6,378 | | 6,378 | | 6,378 | | 5,316 | 5,316 | 5,316 | | 5,316 | | 6,378 |
| Insurance – Includes Admin & Sales W Comp Not Logistics | 19,590 | 71,000 | 19,650 | 15,234 | | | 20,690 | | | | | | |
| Taxes & Licenses | 90 | | 90 | | | | | | | | | 90 | |
| TOTAL PROD & DIST EXPENSE | 422,594 | 202,179 | 339,342 | 202,658 | 268,058 | 124,363 | 284,363 | 238,380 | 203,090 | 71,552 | 205,926 | 211,627 | 190,253 |
| **SALES EXPENSE** | | | | | | | | | | | | | |
| Sales Salaries | 8,637 | | 8,737 | | 8,737 | | 7,198 | | 7,198 | | 7,198 | | 8,737 |
| Sales PR Taxes | 959 | | 959 | | 959 | | 799 | | 799 | | 799 | | 959 |
| Freight-Shows | | | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | 400 | | |
| Advertising & Promotions | 2,250 | 2,250 | 1,050 | 1,050 | 1,050 | 1,050 | 550 | 550 | 550 | 550 | 550 | 713 | 713 |
| Commissions (Albertson's) | 750 | 750 | 250 | 250 | 250 | 250 | 500 | 500 | 500 | 500 | 500 | 1,750 | 1,750 |
| | 12,596 | 3,000 | 11,396 | 1,700 | 11,396 | 1,700 | 9,447 | 1,450 | 9,447 | 1,450 | 9,447 | 2,463 | 12,159 |
| **Travel & Entertainment** | | | | | | | | | | | | | |
| Sales Travel | 3,098 | 3,098 | 1,319 | 1,319 | 1,319 | 1,319 | 635 | 635 | 635 | 635 | 635 | 367 | 367 |
| Corporate Travel | 500 | 500 | 500 | 500 | 500 | 500 | 400 | 400 | 400 | 400 | 400 | 125 | 125 |
| Sales Meals & Entertainment | 1,495 | 1,495 | 576 | 576 | 576 | 576 | 407 | 407 | 407 | 407 | 407 | 265 | 265 |
| Corporate Meals | 200 | 200 | 200 | 200 | 200 | 200 | 160 | 160 | 160 | 160 | 160 | 75 | 75 |
| | 5,293 | 5,293 | 2,596 | 2,596 | 2,596 | 2,596 | 1,602 | 1,602 | 1,602 | 1,602 | 1,602 | 832 | 832 |

# EXHIBIT 1

Exhibit _____ A

Page _____ 6

# WEEKLY CASH FORECAST

| | Forecast Week 1 | Forecast Week 2 | Forecast Week 3 | Forecast Week 4 | Forecast Week 5 | Forecast Week 6 | Forecast Week 7 | Forecast Week 8 | Forecast Week 9 | Forecast Week 10 | Forecast Week 11 | Forecast Week 12 | Forecast Week 13 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Ending | 2/20/2015 | 2/27/2015 | 3/6/2015 | 3/13/2015 | 3/20/2015 | 3/27/2015 | 4/3/2015 | 4/10/2015 | 4/17/2015 | 4/24/2015 | 5/1/2015 | 5/8/2015 | 5/15/2015 |
| **TOTAL SALES EXPENSE** | 17,489 | 8,203 | 13,992 | 4,296 | 13,992 | 4,296 | 11,048 | 3,052 | 11,048 | 3,052 | 11,048 | 3,284 | 12,590 |
| **GENERAL & ADMINISTRATION EXPENSE** | | | | | | | | | | | | | |
| Administrative Salaries | | | | | | | | | | | | | |
| - Insiders | | | | | | | | | | | | | |
| - Non-insiders | 3,053 | | 15,071 | | 7,536 | | 5,024 | | 5,024 | | 5,024 | | 7,536 |
| Payroll Taxes - Admin | 1,075 | | 3,053 | | 3,053 | | 2,035 | | 2,035 | | 2,035 | | 3,053 |
| Estate Professional Fees | | | 1,075 | | 1,075 | | 896 | | 896 | | 896 | | 1,075 |
| US Trustee, Court & Related Costs | 2,000 | | 10,000 | | | | 5,000 | | | | 5,000 | | |
| 401K Administration | | | 415 | | | | | | | | | | |
| Met Life Quarterly | | | | | | | 550 | | | | | | |
| Dues, Subscriptions & Education | 314 | | 184 | 184 | 184 | 184 | 53 | 53 | 53 | 53 | 53 | 101 | 101 |
| Telephone | 2,216 | | 2,216 | | | | 2,216 | | | | | 2,216 | |
| Office Expenses | 1,750 | | 1,550 | | | | | | | 1,650 | | 1,800 | |
| Employee Programs | 25 | | 465 | | | | 25 | | | | | 65 | |
| Computer Expense | 3,801 | | 4,341 | | | | | | | 3,601 | | 4,566 | |
| Medical Expenses | 60 | | 60 | | | | 60 | | | | | 60 | |
| Bank Service Charges | 700 | | 700 | | | | 700 | | | | | 950 | |
| Interest Expense | 6,634 | | 6,634 | | | | 6,634 | | | | | 6,634 | |
| - Adequate Protection FCW | 17,581 | | 17,581 | | | | 17,581 | | | | | 17,581 | |
| - Post petition interest | | | | | | | | | | | | | |
| Royalty Expense | | | 2,500 | | | 21,000 | 2,500 | | | | | 2,500 | |
| **TOTAL G&A EXPENSE** | 39,209 | - | 65,844 | 184 | 11,847 | 21,184 | 43,274 | 53 | 8,007 | 5,594 | 13,007 | 36,473 | 11,764 |
| **TOTAL EXPENSE** | 479,692 | 210,472 | 419,178 | 207,137 | 293,896 | 149,842 | 338,876 | 241,484 | 222,149 | 80,107 | 229,982 | 251,394 | 215,008 |
| **CASH FROM OPERATIONS** | (337,846) | (7,592) | (146,472) | 114,325 | (115,536) | 71,419 | (54,662) | (17,270) | 2,065 | 144,107 | (5,768) | 128,680 | 165,066 |
| **BORROWED FUNDS** | 400,000 | | 100,000 | | | | | | | | | | |
| **ENDING CASH BALANCE** | 62,154 | 54,462 | 5,990 | 120,316 | 4,780 | 76,198 | 21,536 | 4,266 | 6,331 | 150,438 | 144,670 | 273,350 | 438,416 |
| **INVENTORY** | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 | 6,332,779 |
| **OPEN ACCOUNTS RECEIVABLE** | 1,229,552 | 1,289,695 | 1,299,256 | 1,258,062 | 1,359,969 | 1,418,976 | 1,438,821 | 1,518,666 | 1,598,512 | 1,678,357 | 1,758,202 | 1,605,806 | 1,453,409 |

Exhibit_____ A

Page_____ 7

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1126 Santa Barbara Street
Santa Barbara, CA  93101

A true and correct copy of the foregoing document entitled (*specify*):   NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 12, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 12, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 12, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Ontrac Overnight Mail:
The Honorable Deborah Saltzman
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1334
Courtroom 1339
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 12, 2015 | Tina Vanderhook | |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    F 9013-3.1.PROOF.SERVICE

Page_____

SERVICE LIST
Clearwater Nursery, Inc.
Chapter 11 Case No.: 9:15-bk-10251-DS

## SERVED ELECTRONICALLY

Brian D Fittipaldi  brian.fittipaldi@usdoj.gov
Michael J Gomez  mjg@lrplaw.net, tara@lrplaw.net
Jonathan Gura  jgura@hbsb.com, tina@hbsb.com
Cassie K Jones  jones@gleaveslaw.com, kristy@gleaveslaw.com
Peter Susi  psusi@hbsb.com, tina@hbsb.com
Rene Lastreto  rl2@lrplaw.net, tara@lrplaw.net, rebecca@lrplaw.net
Sandra McBeth  donna@mcbethlegal.com
Ashley M Naporlee  Ashley@grantlawyers.com, donna@grantlawyers.com
United States Trustee (ND)  ustpregion16.nd.ecf@usdoj.gov

## SERVED BY U.S. MAIL

SECURED CREDITOR
Farm Credit West
Attn  Chris Brumfield
1478 Stone Point Dr Suite 450
Roseville, CA  95661

TOP 20 UNSECURED CREDITORS
Custom Labor Services Inc
125 W Mill Street
Santa Maria, CA  93458

Sheppard West Inc
Redfeather Ridge
27850 Lady Slipper Loop
Eugene, OR  97405

Ball Seed Co
Attn  Kate Walsh
622 Town Road
West Chicago, IL  60185

American Horticultural Supply Inc
2901 Sturgis Road
Oxnard, CA  93030

1

**Exhibit** _____ A

**Page** _____ 9

Aris Horticulture Inc
PO Box 76096
Cleveland, OH  44101-4755

Jafroodi Properties LP
2901 Surgis Road
Oxnard, CA  93030

The Arbory Ltd
4079 Thirteenth Street
Jordan Station
Ontario L0R 1S0 CANADA

Sun Gro Horticulture
36212 Treasury Center
Chicago, IL  60694-6200

ASA Flower Bulbs
Hameyasdim 1st
Moshav Bitzaron
60946 ISRAEL

Gloeckner and Co Inc
600 Mamaroneck Ave
Harrison, NY  10528

Robert Mann Packaging Inc
Department 39000
PO Box 39000
San Francisco, CA  94139-4379

DecoWraps
8900 NW 33rd St Suite 100
Doral, FL  33172

Helena Chemical Company
PO Box 742558
Los Angeles, CA 90074-2558

CJ Ruigrok & Sons
Zilkerbinnenweg 58
2191 AD De Silk HOLLAND

Southern California Gas Co
PO Box C

2

**Exhibit** _____ A

**Page** _____ 10

Montery Park, CA  91756

AGRx
751 South Rose Avenue
Oxnard, CA  93030

4 Elements Inc
6665 Cote De Liesse
Montreal, Quebec
CANADA H4T 1Z5

Pindstrup Mosebrug A/S
Attn  Kim Groberski
1200 Arlington Hts Rd Suite 410
Itasca, IL  60143

Griffin Greenhouse Supplies
PO Box 842937
Boston, MA  02884-2937

Seaside Packaging
1450 E Wooly Road
Oxnard, CA  93030


INTERESTED PARTIES

(In the Matter of *Ramirez v. Clearwater Nursery, Inc., et al*; SLO County Case No. CV 110083)
Allen K Hutkin, Esq.
Hutkin Law Firm
1229 Higuera St 1st Floor
San Luis Obispo, CA  93401

Kathryn Eppright, Esq.
Andre Morris & Buttery
1102 Laurel Lane
San Luis Obispo, CA 93401


DEBTOR
Clearwater Nursery Inc
John E. Djafroodi President
2901 Sturgis Road
Oxnard, CA  93030

Exhibit_____A_____

Page_____ll_____

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Peter Susi, State Bar No. 62957<br>Jonathan Gura, State Bar No. 214240<br>Hollister & Brace, APC<br>1126 Santa Barbara Street<br>Santa Barbara, CA  93101<br>Phone:  (805) 963-6711<br>Fax:  (805) 965-0329<br>jgura@hbsb.com<br><br>☐ *Individual appearing without an attorney*<br>☒ *Attorney for:* CLEARWATER NURSERY, INC. | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -**

| In re: CLEARWATER NURSERY, INC. | CASE NO.: 9:15-bk-10251-DS |
|---|---|
| | CHAPTER: 11 |
| | **NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** *(title of motion[1])*: |
| | DEBTOR'S EMERGENCY MOTION FOR ORDER AUTHORIZING |
| Debtor(s) | USE OF CASH COLLATERAL; AUTHORIZING POSTPETITION |

PLEASE TAKE NOTE that the order titled  ORDER GRANTING DEBTOR'S EMERGENCY MOTION FOR ORDER: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) AUTHORIZING POSTPETITION FINANCING; AND (3) GRANTING SUPERPRIORITY EXPENSE CLAIMS

was lodged on *(date)* 2/18/15        and is attached.  This order relates to the motion which is docket number 9   .

---
[1]  Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1

**HOLLISTER & BRACE**
A Professional Corporation
ATTORNEYS AT LAW
1126 SANTA BARBARA STREET
SANTA BARBARA, CALIFORNIA 93101
Telephone:  (805) 963-6711
Facsimile:   (805)
Jonathan G. Gura, Bar No. 214240
Peter Susi, Bar No. 62957

(SPACE BELOW FOR FILING STAMP ONLY)

2

3

4

5

6   Attorneys for Debtor and Debtor-in-Possession

7

8                   **UNITED STATES BANKRUPTCY COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

10

11   In re                                )    BK No. 9:15-bk-10251-DS
                                          )
12   CLEARWATER NURSERY INC.,             )    Chapter 11
                                          )
13                      Debtor.           )    ORDER GRANTING DEBTOR'S
                                          )    EMERGENCY MOTION FOR ORDER:
14                                        )    (1) AUTHORIZING USE OF CASH
                                          )    COLLATERAL; (2) AUTHORIZING
15                                        )    POSTPETITION FINANCING; AND
                                          )    (3) GRANTING SUPERPRIORITY
16                                        )    EXPENSE CLAIMS
                                          )
17                                        )    Date:    February 18, 2015
                                          )    Time:    1:30 p.m.
18                                        )    Place:   Courtroom 202
                                          )             1415 State Street
19                                        )             Santa Barbara, CA
                                          )
20                                        )
                                          )
21                                        )

22

23

24

25

26

27

28

                                   - 1 -

**Exhibit** _____ A

**Page** _____ 13

1    The "*Debtor's Emergency Motion For Order Authorizing Use*

2    *of Cash Collateral; Authorizing Postpetition Financing; and*

3    *Granting Superpriority Expense Claims*" (the "Motion") filed by

4    Clearwater Nursery, Inc. (the "Debtor") came for hearing on

5    shortened time at the request of the Debtor on February 18,

6    2015, at 1:30 p.m. in Courtroom 202 of the above-titled Court,

7    the Honorable Deborah J. Saltzman, United States Bankruptcy

8    Judge presiding.   Appearances were as set forth in the record

9    for the hearing.

10    Based upon the Motion and the supporting papers, the files

11    and records of this case, and the arguments and statements of

12    counsel at the time of the hearing,

13    **THE COURT FINDS AS FOLLOWS:**

14    A.   Notice of the Motion was appropriate pursuant to the

15    Order Shortening Time [Docket No. 26], Local Bankruptcy Rule

16    9075-1, and Federal Rules of Bankruptcy Procedure 2002 and

17    4001(d);

18    B.   The Debtor has established the business and

19    operational needs of the estate for use of the cash collateral

20    of and financing from Farm Credit West, FLCA and Farm Credit

21    West, PCA ("FCW") in the ordinary and necessary course of the

22    estate's business on a weekly basis, including, without

23    limitation, to prevent the immediate and irreparable harm to

24    the estate pending a final hearing on the Motion;

25    C.   The provisions of the "*Stipulation For Interim Use of*

26    *Cash Collateral and Grant of Adequate Protection,*" (the

27    "Stipulation"), the Debtor-in-Possession Financing Letter

28

-2-

1    Agreement dated February 13, 2015 (the "Agreement"), and the

2    Budget appended to the Motion are reasonable;

3         D.    The Debtor has established the prima facie need of

4    FCW for and rights to the grant of adequate protection for the

5    Debtor's use of FCW's cash collateral for post-petition

6    operations during the period of time covered by the Budget; and

7         E.    Other good cause supports granting the Motion.

8    **WHEREFORE, THE COURT ORDERS AS FOLLOWS:**

9         1.    The Motion is granted.

10        2.    The Stipulation, the Agreement, and the Debtor's use

11   of FCW's cash collateral pursuant to the terms of the

12   Stipulation and the Agreement are approved in all respects as

13   set forth in the Agreement and the Stipulation.    All of the

14   terms, covenants, conditions, protections, agreements,

15   reaffirmations, releases, and grants set forth in the

16   Stipulation and the Agreement are ordered as set forth therein,

17   including, without limitation, the replacement liens, the

18   super-priority liens, and the super-priority expenses of

19   administration pursuant to 11 U.S.C. §§ 105, 361, 362, 363,

20   364(c)(1), 364(d), 503(b), and 507(b).

21        3.    The Debtor shall operate in conformity with the

22   Budget and the Eligible Collateral calculation pursuant to the

23   terms of the Stipulation and the Financing Agreement.

24        4.    FCW is entitled to the grants of adequate protection

25   as set forth in the Stipulation and the protections,

26   agreements, reaffirmations, releases, and grants set forth in

27   the Agreement.

28

-3-

Exhibit_____ A

Page_____ 15

1       5.   A final hearing shall be conducted on the Motion on

2  March 5, 2015, at 10:30 a.m. in Courtroom 202 of the above-

3  titled Court.   Any and all further responses or oppositions to

4  the Motion shall be filed with the Clerk of the Court and

5  served upon counsel for the Debtor and FCW, and the United

6  States Trustee, no later than February 26, 2015.

7

8                            ###

- 4 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1126 Santa Barbara Street
Santa Barbara, CA  93101

A true and correct copy of the foregoing document entitled (*specify*):   NOTICE OF LODGMENT OF ORDER IN
BANKRUPTCY CASE   will be served or was served **(a)** on the judge in chambers in the form and manner required by
LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
February 18, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) February 18, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 18, 2015, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

Via Ontrac Overnight Mail:
The Honorable Deborah Saltzman
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1334
Courtroom 1339
Los Angeles, CA  90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 18, 2015 | Tina Vanderhook | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                          **F 9013-3.1.PROOF.SERVICE**

SERVICE LIST
Clearwater Nursery, Inc.
Chapter 11 Case No.:  9:15-bk-10251-DS

## SERVED ELECTRONICALLY

Brian D Fittipaldi  brian.fittipaldi@usdoj.gov
Michael J Gomez  mjg@lrplaw.net, tara@lrplaw.net
Jonathan Gura  jgura@hbsb.com, tina@hbsb.com
Peter Susi  psusi@hbsb.com, tina@hbsb.com
Rene Lastreto  rl2@lrplaw.net, tara@lrplaw.net, rebecca@lrplaw.net
Ashley M Naporlee  Ashley@grantlawyers.com, donna@grantlawyers.com
United States Trustee (ND)  ustpregion16.nd.ecf@usdoj.gov

## SERVED BY U.S. MAIL

SECURED CREDITORS
Farm Credit West
Attn  Chris Brumfield
1478 Stone Point Dr Suite 450
Roseville, CA  95661

TOP 20 UNSECURED CREDITORS
Custom Labor Services Inc
125 W Mill Street
Santa Maria, CA  93458

Sheppard West Inc
Redfeather Ridge
27850 Lady Slipper Loop
Eugene, OR  97405

Ball Seed Co
Attn  Kate Walsh
622 Town Road
West Chicago, IL  60185

American Horticultural Supply Inc
2901 Sturgis Road
Oxnard, CA  93030

1

Exhibit_____ A

Page_____ 18

Aris Horticulture Inc
PO Box 76096
Cleveland, OH  44101-4755

Jafroodi Properties LP
2901 Surgis Road
Oxnard, CA  93030

The Arbory Ltd
4079 Thirteenth Street
Jordan Station
Ontario L0R 1S0 CANADA

Sun Gro Horticulture
36212 Treasury Center
Chicago, IL  60694-6200

ASA Flower Bulbs
Hameyasdim 1st
Moshav Bitzaron
60946 ISRAEL

Gloeckner and Co Inc
600 Mamaroneck Ave
Harrison, NY  10528

Robert Mann Packaging Inc
Department 39000
PO Box 39000
San Francisco, CA  94139-4379

DecoWraps
8900 NW 33rd St Suite 100
Doral, FL  33172

Helena Chemical Company
PO Box 742558
Los Angeles, CA 90074-2558

CJ Ruigrok & Sons
Zilkerbinnenweg 58
2191 AD De Silk HOLLAND

Southern California Gas Co
PO Box C
Montery Park, CA  91756

2

**Exhibit** _____ A

**Page** _____ 19

AGRx
751 South Rose Avenue
Oxnard, CA  93030


4 Elements Inc
6665 Cote De Liesse
Montreal, Quebec
CANADA H4T 1Z5


Pindstrup Mosebrug A/S
Attn  Kim Groberski
1200 Arlington Hts Rd Suite 410
Itasca, IL  60143


Griffin Greenhouse Supplies
PO Box 842937
Boston, MA  02884-2937


Seaside Packaging
1450 E Wooly Road
Oxnard, CA  93030


INTERESTED PARTIES

(In the Matter of *Ramirez v. Clearwater Nursery, Inc., et al*; SLO County Case No. CV 110083)
Allen K Hutkin, Esq.
Hutkin Law Firm
1229 Higuera St 1st Floor
San Luis Obispo, CA  93401


Kathryn Eppright, Esq.
Andre Morris & Buttery
1102 Laurel Lane
San Luis Obispo, CA 93401


DEBTOR
Clearwater Nursery Inc
John E. Djafroodi President
2901 Sturgis Road
Oxnard, CA  93030


3

Exhibit_____ A

Page_____ 20

17

1   René Lastreto II, #100993
    rl2@lrplaw.net
2   Michael J. Gomez, #251571
    mjg@lrplaw.net
3   Lang, Richert & Patch
    Post Office Box 40012
4   Fresno, California 93755-0012
    (559) 228-6700 Phone
5   (559) 228-6727 Fax

6   Attorneys for Secured Creditors
    FARM CREDIT WEST, FLCA and
7   FARM CREDIT WEST, PCA

8

9                    UNITED STATES BANKRUPTCY COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11                        NORTHERN DIVISION

12  In re                              Case No.    bk-15-10251-DS

13  Clearwater Nursery, Inc.,          Chapter 11

14          Debtor.                    STIPULATION FOR INTERIM USE OF
                                       CASH COLLATERAL AND GRANT OF
15                                     ADEQUATE PROTECTION

16

17

18

19          This Stipulation is made by and between Clearwater Nursery, Inc., Debtor and Debtor-in-

20  Possession (the "Debtor"), on the one hand, and Secured Creditors Farm Credit West, FLCA, and

21  Farm Credit West, PCA (together with FLCA, "Lender"), on the other hand.  The Debtor and

22  Lender hereby stipulate and agree as follows:

23                                       RECITALS

24          a.      Prior to the February 11, 2015 (the "Petition Date") in the above-captioned case,

25  Lender made several loans to the Debtor (the "Loans").  Lender contends the Loans are secured by

26  substantially all of the Debtor's personal property collateral.  Pursuant to, *inter alia*, certain notes,

27  security agreements, and other agreements executed by the Debtor (collectively, the "Loan

28

Stipulation Authorizing Use of Cash Collateral          -1-
Between Debtor and Secured Creditors

# EXHIBIT A

Exhibit_____ 17 A

Page_____ 21

<u>Documents"),</u>[1] Lender contends it holds valid, enforceable, and perfected first priority liens and

---

[1]The Loan Documents consist of the following:

1        Promissory Note and Loan Agreement dated June 2, 1999 between 1980 Jafroodi Family Trust U/D/T dated November 13, 1980, as amended ("<u>Jafroodi Trust</u>"), Mahmood Jafroodi, Azar Jafroodi, and Central Coast Federal Land Bank Association, FLCA;

2.        Continuing Guaranty – Recourse dated June 2, 1999 between Debtor and Central Coast Federal Land Bank Association, FLCA guaranteeing the obligations of the Jafroodi Trust, Mahmood Jafroodi, and Azar Jafroodi to Central Coast Federal Land Bank Association, FLCA;

3.        Security Agreement dated June 2, 1999 by Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Debtor in favor of Central Coast Federal Land Bank Association, FLCA;

4.        Promissory Note and Loan Agreement dated December 16, 1999 between Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Central Coast Federal Land Bank Association, FLCA;

5.        Continuing Guaranty – Recourse dated December 16, 1999 between Debtor and Central Coast Federal Land Bank Association, FLCA guaranteeing the obligations of the Jafroodi Trust, Mahmood Jafroodi, and Azar Jafroodi to Central Coast Federal Land Bank Association, FLCA;

6.        Supplemental Security Agreement dated December 16, 1999 by Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Debtor in favor of Central Coast Federal Land Bank Association, FLCA;

7.        Promissory Note and Loan Agreement dated July 13, 2000 between Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Central Coast Federal Land Bank Association, FLCA;

8.        Security Agreement dated July 13, 2000 by Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Debtor in favor of Central Coast Federal Land Bank Association, FLCA;

9.        Promissory Note and Loan Agreement dated April 26, 2001 between Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Central Coast Federal Land Bank Association, FLCA;

10.        Security Agreement dated April 26, 2001 by Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Debtor in favor of Central Coast Federal Land Bank Association, FLCA;

11.        Promissory Note and Loan Agreement dated July 1, 2002 between Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Farm Credit West, FLCA;

12.        Continuing Guaranty – Recourse dated July 1 2002 between Debtor and Farm Credit West, FLCA, guaranteeing the obligations of the Jafroodi Trust, Mahmood Jafroodi, and Azar Jafroodi to Farm Credit West, FLCA;

13.        Security Agreement dated July 1, 2002 by Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, and Debtor in favor of Farm Credit West, FLCA;

14.        Continuing Guaranty – Recourse dated August 9, 2004 between Debtor and Farm Credit West, FLCA, guaranteeing the obligations of the Jafroodi Trust, Mahmood Jafroodi, and Azar Jafroodi to Farm Credit West, FLCA;

15.        Security Agreement dated August 9, 2004 by Debtor, Jafroodi Trust, Mahmood Jafroodi, and Azar Jafroodi in favor of Farm Credit West, FLCA;

---

Exhibit_____ 18 A

Page_____ 22

security interests in substantially all of the Debtor's assets including, without limitation, (a) inventory and accounts, (b) equipment and fixtures, (c) documents of title, (d) rights to payment; (e) goods; (f) farm products; (g) investment property; (i) vehicles; (j) general intangibles, (k) cash collateral within the meaning of section 363(a) of the Bankruptcy Code ("Cash Collateral"); and (l) any proceeds of the foregoing, as well as other collateral (collectively, the "Prepetition

16.    Security Agreement dated August 24, 2004 by Debtor, 906 Eucalyptus Nursery, LLC ("Eucalyptus"), and American Horticultural Supply, Inc. in favor of Farm Credit West, PCA;

17.    Master Loan Agreement dated January 25, 2005 between Debtor, Eucalyptus, and Farm Credit West, PCA;

18.    Promissory Note and Supplement to Master Loan Agreement dated January 25, 2005 by Debtor and Eucalyptus in favor of Farm Credit West, PCA;

19.    Security Agreement dated March 1, 2006 by Debtor, Eucalyptus, and American Horticultural Supply, Inc., and Jafroodi Properties, L.P. in favor of Farm Credit West, PCA;

20.    Master Loan Agreement dated March 1, 2006 between Eucalyptus, Jafroodi Trust, Jafroodi Properties, L.P., and Farm Credit West, PCA;

21.    Continuing Guaranty – Recourse dated March 1, 2006 between Debtor and Farm Credit West, PCA, guaranteeing the obligations of Jafroodi Properties, L.P. to Farm Credit West, PCA;

22.    Promissory Note and Supplement to Master Loan Agreement dated September 10, 2008 by Eucalyptus, Jafroodi Trust, and Jafroodi Properties, L.P. in favor of Farm Credit West, PCA;

23.    Master Loan Agreement dated March 20, 2009 between Eucalyptus, Jafroodi Trust, Jafroodi Properties, L.P., and Farm Credit West, PCA;

24.    Promissory Note and Supplement to Master Loan Agreement dated March 20, 2009 by Eucalyptus, Jafroodi Trust, and Jafroodi Properties, L.P. in favor of Farm Credit West, PCA;

25.    Promissory Note and Supplement to Master Loan Agreement dated April 17, 2009 by Eucalyptus, Jafroodi Trust, and Jafroodi Properties, L.P. in favor of Farm Credit West, PCA;

26.    Master Loan Agreement dated November 23, 2009 between Debtor, Eucalyptus, Jafroodi Trust, and Farm Credit West, PCA;

27.    Supplemental Security Agreement dated February 14, 2011 by Debtor, Eucalyptus, American Horticultural Supply, Inc., and Jafroodi Properties, L.P. in favor of Farm Credit West, PCA;

28.    Promissory Note and Supplement to Master Loan Agreement dated August 9, 2012 by Debtor, Eucalyptus, and Jafroodi Trust in favor of Farm Credit West, PCA;

29.    Loan Restructure and Workout Agreement dated April 16, 2009 and the eight amendments thereto; and

30.    First Amended and Restated Loan Restructure and Workout Agreement dated January 2, 2014.

Exhibit_____ A    19

Page_____ 23

1    Collateral").

2         b.     As of the Petition Date, in accordance with the terms of the Loan Documents, Lender

3    contends the Debtor is indebted to Lender in the approximate amount of $14,949,448.56 plus

4    accrued unpaid interest, charges, and other fees, including attorneys' fees and costs, chargeable

5    under the Loan Documents.

6         c.     The Debtor desires to continue operations, collect Cash Collateral, and utilize the

7    Cash Collateral to pay the ordinary and necessary expenses related to the preservation and

8    maintenance of its operations.  Lender consents to Debtor's use of its Cash Collateral on the terms

9    and conditions set forth herein.

10         d.     This Stipulation shall be effective nunc pro tunc as of the Petition Date.  Except as

11    otherwise provided herein, the terms of this Stipulation shall be valid and binding upon the Debtor,

12    all successors in interest to the Debtor, all creditors of the Debtor, any statutory Committee

13    appointed in this case and all other parties in interest from and after the Petition Date, including any

14    trustees appointed under Chapter 7 or Chapter 11 of the Bankruptcy Code, or any examiner

15    appointed with or without expanded powers.

16         NOW, THEREFORE, the Debtor and Lender hereby agree as follows:

17    **STIPULATION**

18         1.     This Stipulation shall be in effect until the earlier of May 15, 2015 (subject to

19    extensions as agreed upon in writing between Lender and the Debtor pursuant to paragraph 32

20    below) (the "Interim Period"), or the Termination Date (as "Termination Date" is defined below in

21    paragraph 29), except as provided in paragraphs 24 through 26.

22         2.     The Debtor shall collect all Cash Collateral generated by the Prepetition Collateral

23    and Postpetition Collateral (as "Postpetition Collateral" is defined below in paragraph 4).  The Cash

24    Collateral shall be deposited into the Court mandated debtor-in-possession operating account (the

25    "General Account").  The Debtor shall at all times keep a record of all credits and debits to the

26    General Account and be able to account for all funds in the General Account.

27    ///

28    ///

Stipulation Authorizing Use of Cash Collateral     -4-
Between Debtor and Secured Creditors

Exhibit_____ 20 A

Page_____ 24

### Budget

3.    The Debtor may use Cash Collateral collected from the Prepetition Collateral and Postpetition Collateral solely to pay expenses incurred in the ordinary course of its business in amounts not to exceed the line item expenses provided in the monthly budgets for the Petition Date through May 15, 2015, attached hereto as Exhibit "1" (the "Budget," and each expense therein, and "Approved Expense").  The Debtor may exceed the budgeted amount for any line item weekly expense by up to 15% of the amount budgeted for that weekly expense only, provided however that the aggregate expenses in any given week period shall not exceed 10% more than the total budgeted weekly amount.  Additionally, the Debtor's actual individual line items for revenues for each weekly period of the Budget shall not be less than 85% of the projected line item of revenue and 90% of the line item for aggregate revenues for such period as set forth in the Budget.  With Lender's written agreement, the budgeted amount, either by line item, or total, per one week period, may be exceeded without the Court's approval.  The limitation on line items for payment of expenses does not apply to payment of the fees of the United States Trustee.  The Debtor may use $10,000.00 of Cash Collateral collected from the Prepetition Collateral and Postpetition Collateral to pay the administrative expense of the Debtor's counsel.  The Debtor may also use the Prepetition Collateral used to fund the retainer for the Debtor's counsel to pay the administrative expense of the Debtor's counsel.  No other use of Cash Collateral collected from either the Prepetition Collateral or the Postpetition Collateral to pay the administrative expenses of professional fees is authorized.

### Adequate Protection

4.    As adequate protection for the Debtor's expenditures of Cash Collateral, the Debtor grants Lender valid, enforceable, and perfected replacement liens on, and security interests in, any and all of the Debtor's rights, title, and interest in and to all of its accounts, rights to payment, inventory, goods, farm products, accounts receivable, general intangibles, equipment, fixtures, investment property, vehicles, any substitutions or accessions to the foregoing, and any proceeds thereof, including, without limitation all cash on hand, all cash accumulated on a postpetition basis, any other Cash Collateral, and any insurance proceeds or replacements of the foregoing (excluding,

Exhibit _____ 21 A

Page _____ 25

1  however, any claims or causes of action held by Debtor under sections 502(d), 544, 545, 547, 548,

2  549, 550, and 553 of the United States Bankruptcy Code ("Avoidance Action Assets")) effective

3  as of the Petition Date,  in the same validity, priority, and scope as Lender's liens as they existed

4  against the Debtor prior to the Petition Date (the "Postpetition Collateral"), which shall not be

5  abridged or modified pursuant to sections 105 or 552 of the Bankruptcy Code or otherwise. The

6  liens and security interests granted to Lender under this paragraph shall not be subject to any lien

7  or security interest that is avoided and preserved for the benefit of the estate pursuant to section 551

8  of the Bankruptcy Code.

9       5.    In addition to the liens and security interests granted hereunder, Lender's claims to

10  the Postpetition Collateral shall have priority, pursuant to the provisions of the Bankruptcy Code,

11  over all administrative and priority expenses incurred in the reorganization case, including, without

12  limitation, expenses of the kind specified in sections 503(b), 507(a), and 507(b) of the Bankruptcy

13  Code, and shall at all times be senior to the rights of the Debtor and its creditors, or in the

14  successors-in-interest of the Debtor or its creditors, including without limitation any statutory

15  committee, and any trustee or examiner appointed in the reorganization case.

16       6.    As additional adequate protection, the Debtor shall pay Farm Credit West, PCA

17  adequate protection payments consisting of monthly, interest-only payments at the non-default rate

18  of interest on Loan Nos. 3644715-201 and 3645010-101, estimated at $17,583.55 (based on interest

19  accrual of $578.09 per diem); and additional monthly adequate protection payments totaling

20  $57,731.28 to Farm Credit West, FLCA, consisting of regular monthly principal and interest

21  payments on Loan Nos. 0163155-101, 0163740-101, 0164380-101, 3634531-101, and 3643840-101

22  (the "Additional Adequate Protection").  The Debtor will note in its books and records each

23  Additional Adequate Protection payment as a portion of the rent paid to Jafroodi Properties, L.P.

24  The first adequate protection payment shall be due by no later than February 20, 2015. Each

25  successive adequate protection payment shall be paid by the first of each month, commencing on

26  March 1, 2015.  Debtor authorizes Farm Credit West, PCA to deduct the adequate protection

27  payments via ACH transfer from its debtor-in-possession bank accounts on the first of the month

28  or the next business day should the first of the month be a legal holiday.

Exhibit_____ 22
                 A

Page_____ 26

7.    Furthermore, as adequate protection, the Debtor shall pay Farm Credit West, PCA any patronage payments or other proceeds issued to it on account of Farm Credit West, ACA stock to be applied to Loan Nos. 3644715-201 and 3645010-101 in any manner, and authorizes Farm Credit West, PCA to collect such payments or proceeds directly from Farm Credit West, ACA.

8.    As additional adequate protection, Debtor covenants that it shall maintain at all times accounts receivable that are less than 90 days old in excess of $900,000, excluding any inter-company accounts receivable owed by 906 Eucalyptus, LLC, Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, Jafroodi Properties, L.P., American Horticultural Supply, Inc., and any insider (as defined in Bankruptcy Code section 101(31)) of, or affiliate (as defined in Bankruptcy Code section 101(2)) of, or an insider of an affiliate of 906 Eucalyptus Nursery, LLC, Jafroodi Trust, Mahmood Jafroodi, Azar Jafroodi, Jafroodi Properties, L.P., and American Horticultural Supply, Inc.

9.    In addition, as further adequate protection, Debtor shall provide Lender with semiweekly reports no later than the February 23, 2015, and continuing every other following Monday, which contain a line-item by line-item comparison of budgeted to actual receipts of Cash Collateral and incurrence and payment of Approved Expenses for the prior two week period. By no later than the 16th of the month, the Debtor shall furnish to Lender a copy of the Monthly Operating Report that the Debtor is required to file with the Office of the United States Trustee. Within one business day of submitting its initial intake package to the Office of the United States Trustee, the Debtor shall furnish a copy of the initial intake package to Lender. Debtor shall provide Lender with borrowing base certificates on a semiweekly basis commencing on February 23, 2015, and continuing every two weeks thereafter, in a form satisfactory to Lender that is signed and certified by an officer of the Debtor.

10.    As additional adequate protection, the Debtor shall provide Lender with a 13 week budget for the period of May 16, 2015, through August 7, 2015, in the same format as the Budget, by no later than April 15, 2015.

## Taxes & Insurance

11.    The Debtor shall pay all postpetition taxes when they come due (including any and all property taxes, sales taxes, income taxes, use taxes, and any other taxes related to its operations),

Exhibit ___A___  23

Page ___27___

1  maintain insurance as required by the Loan Documents, and comply with all other requirements of

2  the Loan Documents that are necessary to preserve and maintain the value of Lender's liens and

3  security interests.  The Debtor shall timely pay sufficient partial lease payments to its landlord,

4  Jafroodi Properties, L.P., to enable Jafroodi Properties, L.P. to pay the real property taxes associated

5  with the real properties Debtor leases from Jafroodi Properties, L.P.

### Disposition of Collateral

7    12.    The Debtor shall not use, lease, sell or expend directly or indirectly the Prepetition

8  Collateral or the Postpetition Collateral outside the ordinary course of its business without prior

9  written consent of Lender.

10    13.    Except otherwise agreed to in writing by Lender, during the term of this Stipulation,

11  the Debtor shall be enjoined and prohibited from granting any security interests or liens, including

12  liens created under section 364(d) of the Bankruptcy Code, which are senior to or on a parity with

13  Lender's prepetition security interests or liens in the Prepetition Collateral and Postpetition

14  Collateral.

### Inspection of Collateral

16    14.    On not less than forty-eight (48) hours' advance written notice, the Debtor shall,

17  permit representatives, agents, and/or employees of Lender to visit, inspect, have reasonable access

18  to, and consult with, as the case may be for the purpose of conducting Lender's field examinations,

19  (I) the Debtor's books, records, and assets, (ii) the personnel of the Debtor who are familiar with

20  the Debtor's assets, books and records or the information set forth therein, and (iii) such other

21  information as Lender may reasonably request, and shall cooperate and consult with and provide

22  to such representatives, agents, and/or employees all such information as they may reasonably

23  request.  Lender will use good faith to conduct these examinations.

### Automatic Perfection

25    15.    All agreements, security interests, and liens contemplated or granted by this

26  Stipulation are effective and perfected as of the commencement of the reorganization case without

27  further filing or recording by Lender in compliance with any state or federal law upon the entry of

28  an order by the Bankruptcy Court approving this Stipulation.  Lender will not be required to file

---

Stipulation Authorizing Use of Cash Collateral        -8-
Between Debtor and Secured Creditors

Exhibit_____ A    24

Page_____ 28

1  financing statements or other documents in any jurisdiction or take any other actions in order to

2  perfect its security interests and liens granted under or pursuant to this Stipulation.

3  <u>**Right to Challenge**</u>

4      16a.    Unless otherwise provided herein, the terms and conditions of this Stipulation

5  relating to the liens and priorities granted to Lender herein shall be binding upon the Debtor, its

6  creditors, all other parties-in-interest, and all successors in interest thereof including, without

7  limitation, any statutory committee, and Chapter 11 trustee or examiner that may be appointed in

8  the reorganization case or any trustee in a case under Chapter 7 of the Bankruptcy Code into which

9  this reorganization case may be converted. This binding effect is an integral part of the agreement

10  included in this Stipulation.

11      16b.    Notwithstanding paragraph 16a, the Debtor, all other parties-in-interest, including,

12  but not limited to, its creditors, and all successors in interest thereof including, without limitation

13  any statutory committee, any Chapter 11 Trustee or Examiner that may be appointed in the

14  reorganization case or any Trustee in a case under Chapter 7 of the Bankruptcy Code into which this

15  reorganization case may be converted, shall have sixty (60) days from the date of the order of the

16  Bankruptcy Court approving this Stipulation to bring any avoidance claims under Bankruptcy Code

17  sections 544, 545, 547, 548, 549, 550, and similar provisions of the Bankruptcy Code as to Lender's

18  liens, claims, and collateral. If the Debtor does not challenge the validity of the Loan Documents

19  and the claims of Lender arising therefrom, Lender's security interest and lien on the Prepetition

20  Collateral shall be deemed legal, valid, binding, perfected and otherwise unavoidable. The

21  foregoing provision does not limit or impair the right of the Debtor to demand an accounting of all

22  sums claimed due and owing by Lender, whether owing prepetition or postpetition. This provision

23  is binding on all parties in interest and successors in interest including, without limitation, any

24  statutory committee, any Chapter 11 Trustee or Examiner that may be appointed in the

25  reorganization case or any Trustee in a case under Chapter 7 of the Bankruptcy Code into which this

26  reorganization case may be converted.

27  ///

28  ///

---

Stipulation Authorizing Use of Cash Collateral    -9-
Between Debtor and Secured Creditors

Exhibit_____ 25 A

Page_____ 29

### Limited Waiver of Automatic Stay

17.    The automatic stay presently in effect in this case pursuant to section 362 of the Bankruptcy code is hereby modified by the terms and conditions hereof, to effectuate the terms hereof and permit the adequate protection provisions in favor of Lender and the extent necessary to enable Lender to record the order entered by the Bankruptcy Court approving this Stipulation and any financing statements or related documents as Lender deems appropriate.

### No Waiver/Reservation of Rights

18.    The entry of an order approving this Stipulation shall not constitute, or be deemed to be, a waiver of any of Lender's rights or claims under the Loan Documents or applicable law, including, without limitation, the right to seek the payment of interest at the non-default and default rates, attorneys' fees and costs, and other fees and charges, or be deemed a cure of any default by the Debtor under the Loan Documents or applicable law, or be deemed a cure of any default by any other borrower or third party under the Loan Documents.

19.    Except as otherwise set forth herein, Lender reserves all rights that it may have with respect to the Prepetition Collateral, Postpetition Collateral, and Cash Collateral in this Chapter 11 proceeding, including relief from the automatic stay for, among other things, lack of adequate protection. Lender expressly reserves all right to seek relief from or modification or the automatic stay, appointment of a trustee, dismissal or conversion of the case, or any other remedies that it may have.

20.    This Stipulation shall not operate to modify, alter, impair, affect, abrogate, amend, restrict, or nullify the rights of Lender with respect to any person or entity other than the Debtor, nor release, alter impair, affect, or abrogate any debts, claims, demand, actions, and cause of action in law and equity, whether known or unknown, that Lender may have as to any person or entity other than the Debtor.

21.    Nothing contained in this Stipulation shall require or be deemed to require Lender to make an additional loan or to extend further debt financing or other financial accommodations to or for the Debtor's benefit. Neither the Debtor nor any Trustee appointed in this case shall be
///

Stipulation Authorizing Use of Cash Collateral          -10-
Between Debtor and Secured Creditors

Exhibit     26    A

Page     30

1   allowed to surcharge Lender under section 506(c) of the Bankruptcy Code for any expenses incurred

2   in the ordinary course of business.

### Modification and Amendment

4       22.     No waiver, modification, or amendment of any of the provisions hereof shall be

5   effective unless it is set forth in writing, signed by the parties hereto and approved by the

6   Bankruptcy Court, except the Debtor shall have the right to (i) use Cash Collateral for purposes not

7   specified in the Budget as consented by Lender in writing, and (ii) conduct its business pursuant to

8   the terms of this Stipulation after expiration of the Budget, if Lender consents to an additional

9   budget in writing, without further order of the Court.

10       23.     No subsequent stay, modification, termination, failure to extend the term of, or

11   vacation of this Stipulation shall affect, limit, or modify any claim for the adequate protection or

12   any superpriority claim granted hereunder, owed by the Debtor to Lender, incurred pursuant to this

13   Stipulation or otherwise, nor shall any such stay, modification, or vacation limit, affect or modify

14   the validity, enforceability, or perfection of any such security interest, lien, or priority granted or

15   reaffirmed in connection therewith. The adequate protection cannot be subordinated, lose its

16   superpriority status, or be deprived of the benefit of the liens granted to Lender hereunder by any

17   subsequent order in this case.

### Survival

19       24.     In the event that the case is dismissed, converted, otherwise suspended, or

20   substantively consolidated, neither the entry of an order approving this Stipulation nor the dismissal

21   or conversion of this case shall affect the rights of Lender under its Loan Documents, or the terms

22   and conditions of this Stipulation, including the security interests, liens and superpriority claims

23   granted herein, and all the rights and remedies of Lender thereunder shall be and remain in full force

24   and effect as if the case had not been filed or the case had not been dismissed, converted, suspended

25   or substantively consolidated.

26       25.     Notwithstanding any termination of the Debtor's authority to use the Cash Collateral

27   pursuant to the terms hereof, all liens, priorities, rights and remedies provided to Lender in this

28   Stipulation shall survive such termination and remain in full force and effect.

Exhibit_____ 27 A

Page_____ 31

26. Notwithstanding any stay, modification, vacation, or reversal of this Stipulation, any indebtedness, obligation or liability incurred by the Debtor pursuant to this Stipulation arising prior to the later of the effective date of such stay, modification, vacation or reversal, or Lender's receipt of notice thereof, shall be governed in all respects by the original provisions of this Stipulation, and Lender shall continue to be entitled to all of the rights, remedies, privileges and benefits, including any payments authorized herein and all security interests, liens and priorities granted herein, with respect to all such indebtedness, obligations or liabilities incurred or existing prior to such date, and with respect to the Debtor's use of the Cash Collateral prior to such date. Without limiting the generality of the foregoing, in the event any court hereafter modifies any of the provision of this Stipulation, such modifications shall not affect the rights, remedies, liens, priorities, concessions, and waivers granted to Lender or acknowledged pursuant to this Stipulation with respect to any Cash Collateral which is used prior to any such modifications.

## Default / Termination

27. Automatic Termination - Notwithstanding any other provision contained herein, Debtor's authorization to use Lender's Cash Collateral pursuant to this Stipulation shall terminate immediately and automatically, without any obligation of Lender to provide notice to the Debtor, upon the occurrence of any of the following Events of Default:

      (a)     Entry of an order converting the Debtor's Chapter 11 case to Chapter 7 of the Bankruptcy Code, which order is not stayed within fourteen (14) days of the entry thereof;

      (b)     Entry of an order dismissing the Chapter 11 case, which order is not stayed within fourteen (14) days of the entry thereof;

      (c)     Entry of an order by the Bankruptcy Court appointing a Chapter 11 trustee or examiner in the Debtor's bankruptcy case, which order is not stayed within fourteen (14) days of the entry thereof;

      (d)     Entry of an order granting Lender relief from the automatic stay;

      (e)     The filing of any motion by the Debtor to obtain senior or pari passu DIP financing without the consent of Lender;

      (f)     Failure of the Debtor to comply with any terms, conditions, or covenants

Exhibit _____ 28 A

Page _____ 32

contained in this Stipulation or any senior or pari passu DIP financing; and

(g) The reversal, vacatur, stay, amendment, supplementation or other modification of this Stipulation (without Lender's consent) in a manner which shall, in the sole opinion of Lender, materially and adversely affect the rights of Lender hereunder, or shall materially and adversely affect the priority of any or all of Lender's collateral or security interests.

28. Noticed Termination - Absent an agreement, in writing, between Lender and the Debtor, the Debtor's authorization to use Lender's Cash Collateral shall terminate automatically upon the end of the third calendar day after the mailing of notice of default from Lender, and failure to cure by the Debtor within such notice period, of the earliest to occur of any of the following Events of Default:

(a) Non-compliance by Debtor with any of the express terms or provisions of this Stipulation or any senior or pari passu DIP financing;

(b) Any person or entity obtains an order permitting the use of Lender's Cash Collateral without Lender's express written consent. For purposes of this subparagraph, Debtor agrees that it will not support any action which could result in expenditures materially different than as set forth in the Budget;

///

(c) Debtor knowingly furnishes or knowingly makes any false, inaccurate or materially incomplete representation, warranty, certificate, report or summary in connection with or pursuant to his Stipulation.

29. The date of termination upon any event as set forth in paragraphs 27 or 28 shall be referred to in this Stipulation as the "Termination Date."

### Rights and Remedies Upon Default

30. If the Debtor is in default of this Stipulation, Lender may file a motion with the Bankruptcy Court on an expedited basis on no less than three (3) days written notice to the Debtor seeking any such additional protection as it may reasonably require with respect to continued use of Cash Collateral by the debtor or otherwise, including, without limitation, modification or termination of this Stipulation. Nothing herein shall prevent the Debtor or other parties in interest

Stipulation Authorizing Use of Cash Collateral                    -13-
Between Debtor and Secured Creditors

Exhibit_____ 29 A

Page_____ 33

1   from opposing such a motion. Nothing contained herein shall or shall be deemed to constitute an

2   admission by Lender that its interest in Prepetition Collateral or Postpetition Collateral is adequately

3   protected within the meaning of section 361 of the Bankruptcy Code now or at some future time.

4   Lender shall retain all its rights available pursuant to the Bankruptcy Code or any other applicable

5   law, including its right to seek adequate protection and the Debtor shall retain all defenses and

6   rights in response thereto.

7         31.    Upon receipt from Lender of written notice that an Event of Default has occurred,

8   the Debtor shall immediately cease using Cash Collateral, and shall segregate and hold any Cash

9   Collateral in the Cash Collateral Account, or that it otherwise may have in its possession, in trust

10   for the benefit of Lender. Such written notice shall be provided by Lender to the Debtor, to the

11   Office of the United States Trustee, and to counsel for any official creditor committee appointed

12   herein.

13                   **Extensions of Stipulation**

14         32.    In the event Lender consents to the extension(s) of the Debtor's authority to use Cash

15   Collateral under this Stipulation, the Debtor and Lender shall file with this Court a stipulation which

16   sets forth the terms of each such extension and which contains a budget of the expenses which the

17   Debtor may incur and pay during such extension along with a proposed order. In the event that

18   Lender does not consent to extend the Debtor's authority to use Cash Collateral under this

19   Stipulation, the Debtor may bring a motion to seek authorization to continue using Cash Collateral,

20   and such use shall be authorized only if the Bankruptcy Court, after notice and a hearing, authorizes

21   the continued use of Cash Collateral in accordance with section 363(c)(2)(B) of the Bankruptcy

22   Code; provided, however, that the liens, claims, rights, remedies, and protections granted to Lender

23   under this Stipulation shall not be modified by any subsequent order of the Bankruptcy Court,

24   unless Lender agrees otherwise.

25                      **Miscellaneous**

26         33.    Upon entry of an order approving this Stipulation, the provisions hereof shall be

27   immediately binding upon and inure to the benefit of Lender, the Debtor and its respective

28   successors and assigns, including any trustees or other fiduciary hereafter appointed in the Chapter

Exhibit _____ 30 A

Page _____ 34

1    11 case or in any superseding Chapter 7 case as a legal representative of the Debtor or the Debtor's

2    estate.

3        34.    No rights are intended to be created hereunder for the benefit of any third party or

4    creditor or any direct or indirect incidental beneficiary except as specifically provided herein.

5        35.    Lender has entered into this Stipulation and consented to the use of the Cash

6    Collateral in good faith and is entitled to all of the protections provided to such an entity.

7        36.    All notices required to or permitted to be given to the Debtor under this Stipulation

8    shall be addressed as follows:

9
10
11
12
13

Peter Susi
psusi@hbsb.com
Jonathan Gura
jgura@hbsb.com
Hollister & Brace
1126 Santa Barbara Street
Santa Barbara, CA 93102
Telephone: (805) 896-0454; Facsimile: (805) 965-0329

14        All notices required to or permitted to be given to Lender under this Stipulation shall be

15    addressed as follows:

16
17
18
19
20

René Lastreto II
rl2@lrplaw.net
Michael J. Gomez
mjg@lrplaw.net
Lang, Richert & Patch
5200 North Palm Avenue, Fourth Floor
Fresno, CA 93704
Telephone: (559) 228-6700; Facsimile: (559) 228-6727

21    The above addresses may be changed effective upon receipt of a new address. Any notice required

22    herein or permitted to be given shall be in writing and be personally served or sent by facsimile

23    (upon confirmation of receipt) or United States mail and shall be deemed given when sent or, if

24    mailed, when deposited in the United States mail so long as it is properly addressed. All notices

25    and reports required hereunder shall also be sent to counsel for any official committee.

26        37.    The Bankruptcy Court shall retain exclusive jurisdiction over the subject matter of

27    this Stipulation in order to resolve any dispute in connection with the rights and duties specified

28    hereunder.

---

Stipulation Authorizing Use of Cash Collateral    -15-
Between Debtor and Secured Creditors

Exhibit_____    31 A

Page_____    35

38.    The Debtor is authorized and directed to perform all acts and execute and comply with the terms of such other document, instruments and agreements necessary to effectuate the terms and conditions of this Stipulation.

39.    If the Debtor or any other parties-in-interest, including but not limited to, their creditors or any statutory committee challenge the validity of the Loan Documents and the claims of the Lender arising therefrom, including the security interests and liens on the Prepetition Collateral, neither the Cash Collateral nor the proceeds from any sale, transfer, disposition or hypothecation of the Prepetition Collateral or Postpetition Collateral shall be used to fund the challenge.

40.    Within two (2) calendar days of the execution of this Stipulation, notice of the terms of this Stipulation shall be served by the Debtor upon all required parties in accordance with Federal Rule of Bankruptcy Procedure 4001(d) and the Debtor shall file a motion with the Bankruptcy Court to approve the Stipulation with a final hearing, if necessary, to be held by no later than March 11, 2015.

41.    Any order approving this Stipulation shall be effective immediately upon its entry, and shall be effective nunc pro tunc to the Petition Date.

42.    Except as otherwise expressly provided in this Stipulation, the terms and conditions of the Loan Documents shall remain in full force and effect and Lender shall have all of its rights and remedies thereunder, subject to the provisions of Bankruptcy Code and any orders of this Court.

43.    This Stipulation may be executed in original, facsimile, or e-mail signature and in counterpart copies, and this Stipulation shall be deemed fully executed and effective when all parties have executed and possess a counterpart, even if no single counterpart contains all signatures.

Exhibit_____ 32 A

Page_____ 36

1    IT IS SO STIPULATED:

2

3    DATED: February 12, 2015                    HOLLISTER & BRACE

4

5                                               By:
6                                                   Peter Susi
                                                   Jonathan Gura, Counsel for
7                                               CLEARWATER NURSERY, INC.,
                                               Debtor and Debtor-in-Possession
8

9    DATED: February 12, 2015                    LANG, RICHERT & PATCH, P.C.

10

11                                              By:
12                                                  Michael J. Gomez
                                                   Attorneys for Secured Creditors
13                                              FARM CREDIT WEST, FLCA and
                                               FARM CREDIT WEST, PCA
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Stipulation Authorizing Use of Cash Collateral            -17-
Between Debtor and Secured Creditors

Exhibit_____ 33 A

Page_____ 37