**3**

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
LISA A. HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
    COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California  93704
Telephone: (559) 438-4374
Facsimile:  (559) 432-1847
Email: hbedoyan@kleinlaw.com;
        jeaton@kleinlaw.com; lholder@kleinlaw.com

Proposed Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re: | Case No.  15-14017-B-11 |
| CLUB ONE CASINO, INC., | Chapter  11 |
| Debtor-in-Possession. | DC No.  KDG-1 |
| | Date:   November 10, 2015<br>Time:   2:30 p.m.<br>Place:  United States Bankruptcy Court<br>        2500 Tulare Street, Fifth Floor<br>        Department B, Courtroom 13<br>        Fresno, California<br>Judge: Honorable René Lastreto II |

### DEBTOR'S OBJECTION TO REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION

Club One Casino, Inc. ("Debtor") objects to the Request for Judicial Notice ("Request") filed by George Sarantos ("Sarantos") and Elaine Long ("Long") asking the Court to take judicial notice of a declaration by Charles A.  Hansen filed in support of a motion for preliminary injunction sought in state court ("Declaration").  The Declaration is attached to the Request as Exhibit "C."

/ / /

/ / /

Debtor objects to the admission of the Declaration into evidence because (1) the Hansen Declaration is not properly the subject of judicial notice under FRE 201 since it does not contain any judicially noticeable facts, (2) the Declaration is not relevant to the *Motion to Use Cash Collateral and Grant Adequate Protection* ("the Motion") and must be excluded from evidence under FRE 401, (3) the Declaration is incomplete and Debtor should have right to cross examine Mr. Hansen, and (4) the Declaration is argumentative and more prejudicial than probative under FRE 403.

**Judicial Notice under Rule 201**: A judicially noticed fact must be one "not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FRE 201(b). There is no single fact or set of facts contained in the Declaration that Sarantos and Long have identified as qualifying as judicially noticeable. To the contrary, Debtor disagrees with and disputes the majority of the Declaration.

**Relevance**: Evidence must be relevant to the issue before the Court. *See,* FRE 401. Here, the issue before the Court is the use of cash collateral. The Declaration and the testimony contained in the Declaration are irrelevant to the issues before the Court on the Motion.

**Incomplete and Cross Examination:** The Declaration is incomplete. The Declaration refers to three exhibits, none of which are attached. Debtor believes that the Declaration is inadmissible. However, if it were to be admitted, the entire Declaration must be admitted under FRE 106 and Debtor must have the ability to cross-examine Mr. Hansen under FRE 611.

**Argumentative**: Evidence must be more probative than prejudicial. *See,* FRE 403. The Declaration is argumentative rather than evidentiary in that it argues Sarantos and Long's position as opposed to be a balanced analysis of the facts to form an expert opinion. The argumentative nature of the declaration is seen in the adverbs and adjectives used by Hansen to describe the events in a negative light.

/ / /

For each of the forgoing reasons, Debtor objects to the Declaration and respectfully requests that the Declaration not be admitted into evidence under FRE 106, 201, 401, 403, and 611.

Date:  November 6, 2015

KLEIN, DENATALE, GOLDNER,
COOPER, ROSENLIEB & KIMBALL, LLP

By: _____
HAGOP T. BEDOYAN, ESQ.,
Proposed Attorneys for Debtor in Possession