Jeffrey N. Pomerantz (CA Bar No. 143717)
Debra I. Grassgreen (CA Bar No. 169978)
Kenneth H. Brown (CA Bar No. 100396)
PACHULSKI STANG ZIEHL & JONES LLP
150 California Street, 15th Floor
San Francisco, California 94111-4500
Telephone: 415/263-7000
Facsimile: 415/263-7010
Email: jpomerantz@pszjlaw.com
  dgrassgreen@pszjlaw.com
  kbrown@pszjlaw.com

Attorneys for KMGI, Inc.

# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>**CLUB ONE CASINO, INC.,**<br><br>  Debtor | Case No.: 15-14017-B-11<br><br>Chapter 11<br><br>DC No. KDG-1<br><br>Hearing Date:<br>Date: November 10, 2015<br>Time: 2:30 PM<br>Place: United States Bankruptcy Court<br>  250 Tulare Street, 5th Floor<br>  Dept. B, Courtroom 13<br>  Fresno, California 93721<br>Judge: Honorable René Lastreto II |

**KMGI, INC.'S OBJECTION TO REQUEST
FOR JUDICIAL NOTICE IN SUPPORT OF OPPOSITION TO
MOTION TO USE CASH COLLATERAL AND GRANT ADEQUATE PROTECTION**

KMGI, Inc. ("KMGI") submits this Objection to the Request for Judicial Notice ("Request") filed by George Sarantos ("Sarantos") and Elaine Long ("Long") asking the Court to take judicial notice of a declaration by Charles A. Hansen filed in support of a motion for preliminary injunction sought in state court ("Hansen Declaration"). The Hansen Declaration (attached as Exhibit C to the Request) is not properly the subject of judicial notice because: (i) it contains only speculation and purported opinions that are disputed by KMGI rather than facts that are not subject to reasonable

dispute, as is required by Rule 201 of the Federal Rules of Evidence, and (ii) Sarantos and Long have failed to identify a single judicially noticeable fact within the declaration.

A judicially noticed fact must be one "not subject to reasonable dispute" in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b). The Advisory Committee Notes make clear that extreme caution should be used in taking judicial notice of adjudicative facts because of the traditional belief that the taking of evidence, subject to established safeguards, is the best way to resolve controversies involving disputes of facts. The United States Court of Appeals for the Fifth Circuit in *Hardy v. Johns–Manville Sales Corp.,* 681 F.2d 334, 347 (5th Cir.1982), stated the basic principle as follows: "[J]udicial notice applies to self-evident truths that no reasonable person could question, truisms that approach platitudes or banalities." The Honorable Barry Russell explains in his *Bankruptcy Evidence Manual* the subtleties of taking judicial notice regarding documents filed with the court, stating:

> There exists a mistaken notion that it means taking judicial notice of the truth of facts asserted in every document in a court file, including pleadings and affidavits. However, a court may not take judicial notice of hearsay allegations as being true merely because they are part of a court record or file. It is difficult to understand why the filing of a document with a court should magically result in the contents of the document attaining a sufficient degree of reliability to overcome evidentiary objections such as hearsay to its admissibility in a trial before a bankruptcy judge.
>
> The taking of judicial notice is often merely a way of simplifying the process of authenticating documents which would generally require certification under FRE 901 and 902, and overcoming FRE 1002 best evidence problems (i.e. the concept that because they are in the Court's own files they are accepted as genuine). It is clear however, that authenticating a document does not automatically insure its introduction into evidence in the face of other objections, such as hearsay.

Barry Russell*, Bankr. Evid. Manual* § 201.5 (2014-15 ed.).

2

1    Moreover, Sarantos and Long bear the burden of persuading the Court that judicial notice is proper because Federal Rule of Evidence 201(c)(2) explicitly requires that the Court be provided with the necessary information to take judicial notice of a fact.  The Request, which asks the Court to take judicial notice of an entire document without identifying a single judicially noticeable fact, cannot satisfy the burden imposed by Rule 201(c)(2).  *In re Harmony Holdings*, 393 B.R. 409, 416 (Bankr. D.S.C. 2008); *Staten Island Sav. Bank v. Scarpinito (In re Scarpinito),* 196 B.R. 257 (Bankr. E.D.N.Y.1996).  (bankruptcy judge may take judicial notice of bankruptcy court's records, but "may not infer the truth of the facts contained in documents, unfettered by rules of evidence or logic, simply because such documents were filed with the court")*.  See also Manix Energy v. James (In re James),* 300 B.R. 890, 895 (Bankr. W.D. Tex.2003)(quoting *In re Earl,* 140 B.R. 728 n.2 (Bankr. N.D. Ind.1992)) ("Courts realize that there is a 'very crucial distinction between taking judicial notice of the fact that an entity has filed a document in the case, or in a related case, on a given date, i.e., the *existence* thereof, and the taking of judicial notice of the truth or falsity [of the] *contents* of any such document for the purpose of making a finding of fact.'").

Therefore the opinions and speculation offered in the Hansen Declaration may not be admitted in evidence pursuant to Federal Rule of Evidence 201.

Dated:  November 6, 2015                                             PACHULSKI STANG ZIEHL & JONES LLP

By:     */s/ Kenneth H. Brown*
Kenneth H. Brown

Attorneys for KMGI, Inc.

3