HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
LISA A. HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
   COOPER, ROSENLIEB & KIMBALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Email: hbedoyan@kleinlaw.com;
 jeaton@kleinlaw.com; lholder@kleinlaw.com

Proposed Attorneys for Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| In re:<br><br>CLUB ONE CASINO, INC.,<br><br>Debtor-in-Possession. | Case No.: 15-14017-B-11<br><br>Chapter 11<br><br>DCN: KDG-10<br><br>Date: December 8, 2015<br>Time: 2:30 p.m.<br>Place: United States Bankruptcy Court<br>2500 Tulare Street, Fifth Floor<br>Department B, Courtroom 13<br>Fresno, California<br>Judge: Honorable René Lastreto II |

**APPLICATION FOR ORDER AUTHORIZING
EMPLOYMENT OF SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e)**
(The Law Offices of John K. Maloney)

TO THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

The *Application for Order Authorizing Employment of Special Counsel (The Law Offices of John K. Maloney)* filed by Club One Casino, Inc. ("Debtor"), Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case ("Applicant"), represents:

**I.    INTRODUCTION**

1. On October 14, 2015, Debtor filed its voluntary Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of California, Fresno Division ("Petition Date").

APP TO EMPLOY - MALONEY      1      3GT4235

2.    Debtor was incorporated on March 28, 1994, for the purpose of operating an entertainment complex located in central Fresno called Club One Casino. Club One Casino began operation in November 1995 and includes a gaming facility, bar, restaurant and banquet facilities, administration, satellite wagering, and security offices. The gaming facility includes 51 card-tables contained in designated settings that allow patrons to engage in various table games as allowed under state law. Over its two decades in business, the Debtor has grown to become a significant community presence, a substantial taxpayer and a major employer in the Fresno area: It currently has about 280 active employees with a semi-monthly gross payroll of approximately $265,000.00.

3.    Over the last two years and eight months, and due to Applicant's ongoing gaming license and gaming disclosure requirements, Debtor has sought advice from The Law Offices of John K. Maloney ("Maloney"). Specifically, Debtor has sought legal advice from Maloney concerning all of the regulatory compliance for Debtor, COAC, the current director in Debtor, the former director in Debtor, its secured creditor, KMGI, Inc., appropriate licenses, disclosures relevant to the operation of its business operation, and reviewing the issues relating to the opening of the Clovis 500 Club, a direct competitor of Debtor operated by one of Debtor's former shareholders and his brother ("Gaming Issues"). It is important to note that Debtor, its shareholders, officers and directors must at all times be in good standing with the state and local gaming regulators, including the Bureau of Gambling Control and the California Gaming Control Commission. Maloney also has represented Debtor, its directors, former director, secured creditor, and COAC in appearances before the gaming commission.

4.    Applicant paid Maloney fees totaling $123,181.50 in 2014 for the representation described above. Maloney held a retainer balance in the amount of $14,883.79 on the Petition Date.

**II.    EMPLOYMENT OF LAW OFFICES OF JOHN K. MALONEY**

5.    Applicant and Maloney agreed that Applicant would engage Maloney for the specified special purpose under 11 U.S.C. § 327(e), to continue to provide advice on Gaming Issues on an as needed basis on behalf of the bankruptcy estate.

6.	Applicant desires that Maloney represent it regarding the various employment and labor issues due to Maloney's knowledge concerning the operation of Debtor's business employment practices and Maloney's experience representing parties in these types of issues. Applicant believes that the employment of Maloney is in the best interest of the estate because Maloney is able to provide important gaming and licensing advice to Debtor and the estate. Mr. Maloney's biography and information relating to his law firm is included as Exhibit "A" to the exhibits.

7.	Based on the foregoing, Applicant wishes to employ Maloney during the bankruptcy case for the limited purpose of providing necessary advice concerning the Gaming Issues.

8.	Applicant has sought to employ Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP as general counsel to assist with the administration of its Chapter 11 case. However, Applicant wishes to employ Maloney for its specific gaming issues.

### III.	ADVERSE INTERESTS AND CONNECTIONS

**Interests**: as described in the *Declaration of John K. Maloney in Support of Application for Order Authorizing Employment of Special Counsel,* to the best of Maloney's knowledge, Maloney does not hold or represent any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker for any security of Debtor, or for any other reason.

**Connections**: Mr. Maloney reviewed with Debtor its relationships with other attorneys, financial advisors, and accountants, their principals, and its creditors and other parties in interest, and their respective counsel and accountants, if known. Mr. Maloney also reviewed the Debtor's *Schedules of Assets and Liabilities* filed with the Court on October 28, 2015, the amendment to creditor matrix filed on October 28, 2015, and the list of employees of the office of the United States Trustee for the Fresno Division of the Court, and a conflicts search report of Maloney's client database. To the best of Maloney's knowledge, Maloney does not hold or represent any interest materially adverse to Debtor or Debtor's estate, and

Maloney is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of Maloney's knowledge, Maloney has no prior connection with Debtor, any creditors of Debtor or its estate, or any other party in interest in the case, or their respective attorneys or accountants, the United States Trustee or any person employed by the United States Trustee or the judge in this case except as set forth below.

    A. **Connections with a Trustee:** There is no trustee appointed in this case.

    B. **Connections with Debtor, Insiders, and Affiliates:** Other than working with the Debtor, Insiders, and Affiliates of the Debtor in connection with this proceeding, there are no known connections to the Debtor, insiders, and affiliates except,

        a. **Debtor.** Maloney has provided legal services to Debtor since March 2013. Debtor retained Maloney on November 13, 2015, to perform legal services regarding the Gaming Issues on behalf of the bankruptcy estate.

        b. **Insiders.**

            i. <u>Bill Hughes</u> is the CRO of Debtor and has filed an application with the Court for approval of his compensation and appointment as CRO of Debtor. Maloney will also represent Mr. Hughes as CRO of Debtor due to the fact that Hughes must remain in good standing with regulators in order for Debtor to continue its operations. Maloney has no prior relationship with Hughes.

            ii. <u>Kyle R. Kirkland</u> is the President, Secretary, Treasurer, and Director of Debtor and an unsecured creditor of Debtor with approximately $1,776,075.00 owed as past management fees. Maloney is also an associate member of the California Gaming Association, a statewide trade association, of which Mr. Kirkland is President. Maloney represents Mr. Kirkland in connection with various gaming and disclosure requirements due to the fact that Kirkland must remain in good standing with regulators in order for Debtor to continue its operations. Maloney and Kirkland both belong to International Masters of Gaming Law, a trade organization of gaming industry members.

            iii. <u>Bill Zender</u> is the outside director of Debtor. Maloney will also represent Mr. Zender as the director of Debtor due to the fact that Zender must remain in good standing with regulators in order for Debtor to continue its operations. Maloney has no prior relationship with Zender.

            iv. <u>Dana D. Messina</u> is an unsecured creditor of Debtor with approximately $190,000.00 owed. Maloney represents Mr. Messina in connection with various gaming and disclosure requirements due to the fact that Messina must remain in good standing with regulators as an owner of KMGI, Inc. in order for Debtor to continue its operations.

   v. <u>COAC</u> is a 100% shareholder of Debtor and has a scheduled inter-company debt in the approximate amount of $565,693.03 for parent-subsidiary advances. All stock of Debtor is held by COAC. Maloney also represents COAC in connection with its gaming issues and due to the fact that it must remain in good standing with regulators in order for Debtor to continue its operations.

   vi. <u>KMGI, Inc.</u> is the lone secured creditor of Debtor and is owed in excess of $24,000,000.00. Kyle R. Kirkland and Dana D. Messina are the two shareholders of KMGI, Inc. I have represented KMGI, Inc. in connection with its gaming issues in the past. Maloney also represents KMGI, Inc. in connection with its gaming issues and due to the fact that it must remain in good standing with regulators in order for Debtor to continue its operations.

  c. **Other Related Entities.** None.

 C. **Connections with the Bankruptcy Judge and the Court:** Maloney has no connections with the judge.

 D. **Connections with Creditors:** A review of the Debtor's list of creditors does not show connections between Maloney and Debtor's creditors except as follows:

  a. **Insider and Affiliate Creditors.** Maloney has connections with the insider creditors discussed above.

  b. **Creditors.** Arise, LLC - Debtor and Arise, LLC are parties to a proposition player services contract. The contract is current and is not in default. Maloney represents Arise, LLC, and its sole member, Darrell Miers, in connection with gaming issues and in matters unrelated to Debtor.

 E. **Connections with Attorneys:** Maloney has no known connections to attorneys involved in the case.

 F. **Connections with United States Trustee:** Other than working with the United States Trustee and persons employed by the Office of the United States Trustee in connection with this proceeding and other matters unrelated to Debtor, there are no known connections to the United States Trustee, or any persons employed by the Office of the United States Trustee.

 Debtor believes that its employment of Maloney upon the terms and conditions set forth above is in the best interest of Debtor's estate.

///

## III. POINTS AND AUTHORITIES

The employment of special counsel by a Trustee in a Chapter 7 case is governed by 11 USC Section 327(e) which provides:

> "(e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

Applicant believes that Maloney is qualified to represent it and the estate in the matters described herein and the standards of section 327(e) are met. The Court will retain jurisdiction over Applicant's employment of Maloney at all times during the administration of Debtor's Chapter 11 case to determine if an actual conflict of interest exists or has arisen.

## IV. COMPENSATION – HOURLY FEE AGREEMENT

Compensation paid to Maloney will be based on an hourly fee agreement, plus reimbursement for costs incurred as described below, as described in the *Fee Agreement* entered into by Applicant and Maloney. A copy of the Agreement, signed by Applicant, is attached as Exhibit "B" to the Exhibits.

Maloney's hourly rates are as follows:

| | |
|---|---|
| Attorney | $300.00 |
| Associate | $125.00 to $210.00 |

Any compensation paid to Maloney from property of the estate will be paid after application and approval by the Bankruptcy Court.

Cost reimbursement will be based on the actual costs by Maloney except for photocopies and faxes, which will be at reasonable rates, and travel expenses, which will be based on the amount allowed by the Internal Revenue Service as a deductible business expense.

///

///

///

///

///

1  WHEREFORE, Applicant requests that it be authorized to employ The Law offices of John K.
2  Maloney as special counsel to render services in the areas described above with compensation
3  to be paid hourly and as an administrative expense for such amounts as the Court may
4  hereinafter determine and allow.

6  Dated: November 19th, 2015

7                                          By _____
8                                          Bill Hughes, CRO of Applicant

ORIGINAL