7

HAGOP T. BEDOYAN, CSB NO. 131285
JACOB L. EATON, CSB NO. 244834
LISA A. HOLDER, CSB NO. 217752
KLEIN, DENATALE, GOLDNER,
  COOPER, ROSENLIEB & KIDAALL, LLP
5260 N. Palm Avenue, Suite 201
Fresno, California 93704
Telephone: (559) 438-4374
Facsimile: (559) 432-1847
Email: hbedoyan@kleinlaw.com;
  jeaton@kleinlaw.com; lholder@kleinlaw.com

Proposed Attorneys for Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| In re: | Case No.: 15-14017-B-11 |
|---|---|
| CLUB ONE CASINO, INC., | Chapter 11 |
| Debtor-in-Possession. | DCN: KDG-11 |
| | Date: December 8, 2015 |
| | Time: 2:30 p.m. |
| | Place: United States Bankruptcy Court |
| | 2500 Tulare Street, Fifth Floor |
| | Department B, Courtroom 13 |
| | Fresno, California |
| | Judge: Honorable René Lastreto II |

## APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SPECIAL COUNSEL UNDER 11 U.S.C. § 327(e)
### (Dowling Aaron Incorporated)

TO THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

The *Application for Order Authorizing Employment of Special Counsel under 11 U.S.C. § 327(e) (Dowling Aaron Incorporated)* filed by Club One Casino, Inc. ("Debtor"), Debtor and Debtor-in-Possession in the above-captioned Chapter 11 case ("Applicant"), represents:

**I. INTRODUCTION**

1. On October 14, 2015, Debtor filed its voluntary Chapter 11 petition in the United States Bankruptcy Court for the Eastern District of California, Fresno Division ("Petition Date").

///

2. Debtor was incorporated on March 28, 1994, for the purpose of operating an entertainment complex located in central Fresno called Club One Casino. Club One Casino began operation in November 1995 and includes a gaming facility, bar, restaurant and banquet facilities, administration, satellite wagering, and security offices. The gaming facility includes 51 card-tables contained in designated settings that allow patrons to engage in various table games as allowed under state law. Over its two decades in business, the Debtor has grown to become a significant community presence, a substantial taxpayer and a major employer in the Fresno area: It currently has about 280 active employees with a semi-monthly gross payroll of approximately $265,000.00.

3. Since 2008, Debtor has sought legal advice from Dowling Aaron Incorporated ("DAI") and Donald R. Fischbach, Esq., a Shareholder at DAI. Specifically, Debtor and its insiders have sought counsel from DAI concerning a small amount of employment law, general corporate governance, and representation in the following litigation matters:

   a. *Club One Casino et. al. v. The 500 Club, Louis Sarantos, et al.*, Fresno County Superior Court Case No. 15 CE CG 02704 (the "Litigation"); DAI represents the joint interests of Debtor and Club One Acquisition Corp ("COAC") as plaintiffs in this unfair competition and business tort case.

   b. *Sarantos v. Kirkland, Messina*, Fresno County Superior Court Case No. 13CECG02124 and *Long v. Kirkland, Messina*, Fresno County Superior Court Case No. 12CECG004052; DAI currently represents Mr. Kirkland and Mr. Messina as officers and directors of Club One Casino, Inc. and Club One Acquisition Corp. in these two separate actions filed by Elaine Long and George Sarantos (generally referred to as "the fraud litigation.")

   c. *George Sarantos et al v. Club One Acquisition Corp.*, Fresno Superior Court Case No. 11 CECG02432. DAI represents Club One Acquisition Corp. in proceedings in Fresno Superior Court related to the collection of an arbitration award that was reduced to a judgment in Fresno Superior Court in November of 2011.

4. Applicant paid DAI fees totaling $231,687.64 from October 14, 2014, through October 13, 2015 for the representation described above. DAI held a retainer balance in the amount of $171,000.00 on the Petition Date ("Retainer"). The Retainer will be used for services performed by DAI for Debtor and for COAC only to the extent that COAC's interests align with Debtor in the Litigation. All services performed in connection with the Litigation are to be billed to Debtor and charged against the Retainer.

## II. EMPLOYMENT OF DOWLING AARON INCORPORATED.

5. Applicant and DAI agreed that Applicant would engage DAI for the specified special purpose under 11 U.S.C. § 327(e), to provide advice on general corporate governance and representation in the Litigation.

6. Applicant desires that DAI continue to represent it regarding the corporate governance issues and the Litigation due to DAI's knowledge in business and tort litigation, DAI's experience representing parties in these types of issues and because of DAI's knowledge of the history and disputes leading to the Litigation. Applicant believes that the employment of DAI is in the best interest of the estate because DAI is able to provide important counsel to Debtor and the estate. Mr. Fischbach's biography and information regarding DAI is included as Exhibit "A" to the exhibits.

7. Based on the foregoing, Applicant wishes to employ DAI during the bankruptcy case for the limited purpose of provided necessary advice concerning corporate governance issues and representation in the Litigation.

8. Applicant has sought to employ Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball, LLP as general counsel to assist with the administration of its Chapter 11 case. However, Applicant wishes to employ DAI for matters concerning general corporate governance and representation in the Litigation.

## III. ADVERSE INTERESTS AND CONNECTIONS

**Interests**: as described in the *Declaration of Donald R. Fischbach in Support of Application for Order Authorizing Employment of Special Counsel under 11 U.S.C. § 327(e) (Dowling Aaron Incorporated)*, to the best of DAI's knowledge, DAI does not hold or represent

any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtor or an investment banker for any security of Debtor, or for any other reason. DAI is not a creditor, an equity security holder or an insider of Debtor.

**Connections**: Mr. Fischbach reviewed with Debtor its relationships with other attorneys, financial advisors, and accountants, their principals, and its creditors and other parties in interest, and their respective counsel and accountants, if known. Mr. Fischbach also reviewed the Debtor's *Schedules of Assets and Liabilities* and *Amended Creditor Matrix* filed with the Court on October 28, 2015, and the list of employees of the office of the United States Trustee for the Fresno Division of the Court, and a conflicts search report of DAI's client database. To the best of DAI's knowledge, DAI does not hold or represent any interest materially adverse to Debtor or Debtor's estate, and DAI is a "disinterested person" as that term is defined in Section 101(14) of the Bankruptcy Code. Also, to the best of DAI's knowledge, DAI has no prior connection with Debtor, any creditors of Debtor or its estate, or any other party in interest in the case, or their respective attorneys or accountants, the United States Trustee or any persons employed by the United States Trustee or the judge in this case except as set forth below.

  A. **Connections with a Trustee:** There is no trustee appointed in this case.

  B. **Connections with Debtor, Insiders, and Affiliates:** Other than working with the Debtor, Insiders, and Affiliates of the Debtor in connection with this proceeding, there are no known connections to the Debtor, insiders, and affiliates except,

    a. **Debtor.** DAI has provided legal services to Debtor since 2008. Debtor retained DA in November 17, 2015, to perform legal services regarding general corporate governance on behalf of the bankruptcy estate and to continue to represent it in the Litigation.

    b. **Insiders.**

    COAC is a 100% shareholder of Debtor and has scheduled an inter-company debt owed to Debtor in the approximate amount of $565,693.03 for parent-subsidiary advances. All stock of Debtor is held by COAC. DAI also represents COAC in the Litigation and has represented COAC in past litigation matters as described in Section I.3. above.

Kyle R. Kirkland is the President, Secretary, Treasurer, and Director of Debtor and an unsecured creditor of Debtor with approximately $1,776,075.00 owed as past management fees. DAI has represented Kirkland individually, and as an officer and director, in litigation related to disputes with the former shareholders of Debtor, as described in Section I.3. above.

Dana D. Messina is an unsecured creditor of Debtor with approximately $190,000.00 owed. DAI has represented Messina individually, and as an officer and director, in litigation related to disputes with the former shareholders of Debtor, as described in Section I.3. above.

KMGI, Inc. is the lone secured creditor of Debtor and is owed in excess of $24,000,000.00. Kyle R. Kirkland and Dana D. Messina are the two shareholders of KMGI, Inc. DAI formerly represented KMGI, Inc. as a defendant, as described in Section I.3. above. KMGI, Inc. is currently represented by the Pachulski Stang Ziehl & Jones, LLP law firm.

**Other Related Entities.** None.

C. **Connections with the Bankruptcy Judge and the Court:** DAI has no connections with the judge.

D. **Connections with Creditors:** A review of the Debtor's list of creditors does not show connections between DAI and Debtor's creditors except as follows:

    a. **Insider and Affiliate Creditors.** DAI has connections with the insider creditors discussed above.

    b. **Creditors.**

        i. DAI has and continues to represent unsecured creditor, Choice Food Products, Inc. on general business matters. Choice Food Products, Inc. is a creditor by virtue of a $563.25 outstanding invoice. DAI does not represent Choice Food Products, Inc. on any matter related to Debtor or this case.

        ii. DAI has and continues to represent unsecured creditor, Yosemite Linen Supply, Inc. on general business matters. Yosemite Linen Supply is a creditor by virtue of a $526.35 outstanding invoice. DAI does not represent Yosemite Linen Supply Inc. on any matter related to Debtor or to this case.

        iii. DAI has and continues to represent unsecured creditor, Fresno Beverage Company, Inc., dba Valley Wide Beverage Company on general business and litigation matters. Valley Wide Beverage Company is a creditor in this case by virtue of a $1,648.00 outstanding invoice. DAI does not represent Valley Wide Beverage on any matter related to Debtor or this case.

E. **Connections with Attorneys:** DAI has no known connections to attorneys involved in the case except as follows:

a.  Debtor is seeking bankruptcy court approval for the employment of various local and statewide law firms to serve in various capacities. Two of those law firms are the Klein, DeNatale, Goldner, Cooper, Rosenlieb & Kimball firm and the McCormick Barstow law firm. Both firms and their member attorneys have had professional and social connections with DAI. For instance, Hagop Bedoyan of the KDG firm is currently on the Board of the Fresno County Bar Association, and Mr. Fischbach is a past president of the Fresno County Bar Association. Given the size of Fresno's legal community, it is quite common to work on legal matters where Counsel may be opposed or aligned with either of those two law firms in matters unrelated to the Debtor.

F.  **Connections with United States Trustee:** Other than working with the United States Trustee and persons employed by the Office of the United States Trustee in connection with this proceeding and other matters unrelated to Debtor, there are no known connections to the United States Trustee, or any persons employed by the Office of the United States Trustee.

Debtor believes that its employment of DAI upon the terms and conditions set forth above is in the best interest of Debtor's estate.

IV.  **POINTS AND AUTHORITIES**

The employment of special counsel by a Trustee in a Chapter 7 case is governed by 11 USC Section 327(e) which provides:

> (e) The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

Applicant believes that DAI is qualified to represent it and the estate in the matters described herein and the standards of section 327(e) are met. The Court will retain jurisdiction over Applicant's employment of DAI at all times during the administration of Debtor's Chapter 11 case to determine if an actual conflict of interest exists or has arisen.

V.  **COMPENSATION – HOURLY FEE AGREEMENT**

Compensation paid to DAI will be based on an hourly fee agreement, plus reimbursement for costs incurred as described below and as described in the *Fee Agreement* entered into by Applicant and DAI dated November 17, 2015. A copy of the Agreement,

1  signed by Applicant, is attached as Exhibit "B" to the Exhibits.

2  Subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the local
3  Bankruptcy Rules, the United States Trustee Guidelines, and this Court's rules, Debtor
4  proposes to pay DAI its customary hourly rates in effect from time to time and to reimburse
5  DAI according to its customary reimbursement policies. DAI's current hourly rates for others
6  who may assist in representing Debtor are to be charged are as follows:

7  Attorneys                          $150.00 to $430.00
   Legal Assistants and Law Clerks    $100.00 to $150.00
8

9  DAI has not shared or agreed to share its compensation for representing Debtor with
10 any other person or entity, except among its members.

11 DAI understands the provisions of 11 U.S.C. §§ 327, 328, 330 and 331 which require,
12 among other things, Court approval of Debtor's employment of DAI as special counsel and of
13 all fees and reimbursement of expenses that DAI will receive from Debtor and Debtor's estate.

14 DAI will seek Court approval for the payment of any fees pursuant to 11 U.S.C. § 328.

15 Cost reimbursement will be based on the actual costs by DAI except for photocopies
16 and faxes, which will be at reasonable rates, and travel expenses, which will be based on the
17 amount allowed by the Internal Revenue Service as a deductible business expense.

18 DAI received a pre-petition retainer in the amount of $171,000.00 from Applicant.
19 DAI has not received any lien or other interest in property of Debtor or of a third party to
20 secure payment of DAI's fees or expenses.

21 WHEREFORE, Applicant requests that it be authorized to employ Dowling Aaron
22 Incorporated as special counsel to render services in the areas described above with
23 compensation to be paid hourly and as an administrative expense for such amounts as the Court
24 may hereinafter determine and allow.

25

26 Dated: November 20th, 2015

27                              ORIGINAL    By: _____
28                                              Bill Hughes, CRO of Applicant